UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

        Plaintiff,

v.

CHERYL STRANGE, et al.,

        Defendants.

CASE NO. 2:24-CV-1695-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: November 21, 2024

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 1, 1-1; *see also* Dkt. 2. As discussed below, the Court finds the proposed complaint should be dismissed without prejudice and the IFP application should be denied.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three IFP applications and proposed actions

REPORT AND RECOMMENDATION - 1

each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. In addition, because Plaintiff has acquired more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he faced imminent danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

In the proposed complaint, Plaintiff names nine Washington State Department of Corrections employees and states that he is being denied access to the grievance processes at the Monroe Correctional Complex – Twin Rivers Unit. Dkt. 1-1. Plaintiff has also attempted to attach a supplement, which contains conclusory complaints related to the conditions of his confinement. *See* Dkt. 2.

Plaintiff may not proceed with this action. At the time Plaintiff submitted his proposed complaint to the Court for filing he had already exceeded his annual limit of IFP applications and proposed actions for the year. *See, e.g.*, *Demos v. State of Washington Department of Corrections, et al.*, C24-5809-BJR (W.D. Wash.); *Demos v. Musk, et al.*, C24-1581-RSL (W.D. Wash.); *Demos v. Gonzalez, et al.*, C24-5845-RSM-TLF (W.D. Wash.); *Demos v. Simpson, et al.*, C24-1614-BJR-SKV (W.D. Wash.). Plaintiff also did not submit the separate affidavit as required by the 1992 Bar Order.

REPORT AND RECOMMENDATION - 2

Finally, Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). Plaintiff alleges he lacks access to the grievance process. Dkt. 1-1. He does not allege he is facing imminent danger of serious physical injury. While Plaintiff briefly references a potential prostate cancer diagnosis and denial of medical care, his medical issues do not appear to relate to the claims in his proposed complaint and appear to be included in an effort to overcome the three strikes provision in § 1915(g). *See* Dkt. 1-1 at 16, 19. Further, Plaintiff attached grievances to the proposed complaint that he filed as recently as October 2024. *See* Dkt. 1-2 at 2. While the grievances were not accepted due to violations of the grievance policy, the allegations in his proposed complaint do not appear credible.

Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1-1) be dismissed without prejudice, the IFP application be denied (Dkt. 1), and this case be closed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 21, 2024**.

Dated this 31st day of October, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3