UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR, <br><br> Plaintiff, <br><br> v. <br><br> CHERYL STRANGE, et al., <br><br> Defendants. | CASE NO. C24-1695-KKE-DWC <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

Plaintiff is well-known locally and nationally as an abusive litigant. He is under prefiling bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In this Court, he is allowed to submit only three *in forma pauperis* ("IFP") applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order").[1] The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint (whether IFP or with a filing fee) unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3.

---

[1] The Court attaches the 1992 Bar Order to this order.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Additionally, under 28 U.S.C. § 1915(g), Plaintiff has brought three or more actions that were "dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted." *See*; *e.g.*, *Demos v. Trump*, No. CV 24-04-M-DWM, 2024 WL 554307, at *1 (D. Mont. Feb. 12, 2024) (listing three such dismissals between 1994 and 2000); *Demos v. Keating*, 33 F. App'x 918, 920 n.1 (10th Cir. 2002) (listing four such dismissals in 1996 alone); *Demos v. John Doe/Mfr./Skoal/Copenhagen Pipe & Tobacco*, 118 F. Supp. 2d 172, 173 (D. Conn. 2000) (listing nine such dismissals between 1982 and 1996). Thus, Plaintiff may not proceed IFP unless he plausibly alleges that he faced "imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

In the proposed complaint, Plaintiff alleges he has been wrongfully denied the ability to use the grievance program at the Monroe Correctional Complex ("MCC"), undermining his ability to exhaust his administrative remedies before seeking relief from the Court. Dkt. No. 1-1 at 5. Plaintiff alleges he attempted to submit 32 resolution requests but each was returned to him uninvestigated. *Id.* at 6. Plaintiff also generally challenges the conditions of his confinement. *Id.* at 7, *see also* Dkt. No. 2. Plaintiff also filed a proposed motion to supplement the pleadings (Dkt. No. 2 at 1); a motion to change his claim from a 42 U.S.C. § 1983 claim to a § 2254 writ of habeas corpus (*id.* at 2); a motion for reconsideration or notice of appeal of the Court's "to be announced" ruling (*id.* at 8); a motion for discovery (*id.* at 9); a motion to take judicial notice (*id.* at 12); and objections to an R&R from a different case (*id.* at 19). Plaintiff has also filed a series of documents regarding his failure to comply with the 1992 Bar Order and 28 U.S.C. § 1915(g) and how those failures are excusable. Dkt. No. 2-1.

Upon reviewing all these filings, Magistrate Judge Christel entered a Report and Recommendation ("R&R") recommending the dismissal of Plaintiff's case without prejudice.

Dkt. No. 3. The R&R found Plaintiff "already exceeded his annual limit of IFP applications and proposed actions for the year" and "did not submit the separate affidavit as required by the 1992 Bar Order." *Id.* at 2. The R&R also found that Plaintiff failed to allege "imminent danger of serious physical injury at the time of filing." *Id.* at 3 (quoting *Andrews*, 493 F.3d 1047). The Court agrees that Plaintiff's failure to allege imminent serious physical injury requires denial of his IFP request and that his failure to submit the affidavit required by the 1992 Bar Order requires dismissal of this case without prejudice. None of Plaintiff's objections (Dkt. No. 7) or subsequent filings (Dkt. Nos. 4, 8, 9) change these dispositive failures.

Plaintiff objects to the R&R by arguing the Court lacks jurisdiction to place a quantitative limit on the number of complaints he can file. Dkt. No. 7 at 1. Both the limits on IFP applications and the 1992 Bar Order are valid. *See Demos v. Poli*, No. 2:24-CV-01731-RSL, 2024 WL 4665428, at *2–6 (W.D. Wash. Nov. 4, 2024) (thoroughly explaining the applicability, constitutionality, and reasonableness of the 1992 Bar Order and 28 U.S.C. § 1915(g)). Moreover, the Court's limitation on Plaintiff's filings is in line with Supreme Court precedent. *See Demos*, 507 U.S. at 290. This objection is overruled.

Plaintiff also objects to the R&R and claims that he cannot submit the required 1992 Bar Order affidavit because he has filed over 2,000 requests for relief so cannot truthfully assert that this action is new. Dkt. No. 7 at 2. The complaint (Dkt. No. 1-1) asserts allegations regarding Plaintiff's inability to use the MCC resolution request procedure starting in October 2024, it is not unreasonable to require Plaintiff to know whether he has asserted this claim before. This objection is overruled.

Plaintiff also asserts he is in imminent danger, and thus his IFP should be granted under 28 U.S.C. § 1915(g) because he is facing 15 days of cell confinement. Dkt. No. 7 at 3. This harm appears unrelated to the allegations in the complaint (Dkt. No. 1-1), which arise from Plaintiff's

alleged inability to use the MCC resolution request procedure. Even if Plaintiff could connect any serious injury to the complaint,[2] his concerns of injury from such confinement are too speculative. To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff's concerns do not meet this high standard. The R&R is correct that Plaintiff is not "facing imminent danger of serious physical injury" and this objection is overruled. Dkt. No. 3 at 3.

Plaintiff argues the R&R failed to inform him of the consequences of the failure to file timely objections. Dkt. No. 7 at 5. But the R&R explicitly states: "Failure to file objections within the specified time may affect your right to appeal." Dkt. No. 3 at 3. This notice is sufficient. This objection is overruled.

Plaintiff's proposed motion to join new defendants and motion to supplement his pleadings (Dkt. Nos. 4, 8) similarly do not cure his failure to submit the required affidavit or show imminent danger. These proposed motions relate to an unfortunate incident from October 15, 2024 and related disciplinary action. But these claims do not relate to the complaint which arises from the grievance procedure at MCC. A Plaintiff may not join unrelated claims against different defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2). Nothing in these motions cures Plaintiff's failure to comply with 28 U.S.C. § 1915(g) or the 1992 Bar Order.

---

[2] It also appears unlikely that any injury would arise from Plaintiff's alleged prohibition from filing resolution requests because the evidence shows Plaintiff is not barred from utilizing MCC's grievance procedure, he is simply limited to five active resolution requests at one time. Dkt. No. 1-1 at 22.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

Lastly, Plaintiff's proposed motion for a writ of mandamus repeats arguments and allegations already considered by the Court. *Compare* Dkt. No. 9; *with* Dkt. No. 2 at 23–30, Dkt. No. 2-1. The proposed writ ends with documents regarding Plaintiff's citizenship that appear to have been intended to be filed in Snohomish County Superior Court, and are irrelevant to this case. Dkt. No. 9 at 35–43. Again, this motion does not cure Plaintiff's failure to comply with 28 U.S.C. § 1915(g) or the 1992 Bar Order.

The Court has completed a de novo review of the record, including Plaintiff's objections to the R&R (Fed. R. Civ. P. 72(b)(3)), and ORDERS:

(1) The Court adopts the Report and Recommendation. Dkt. No. 3.

(2) Plaintiff's proposed complaint (Dkt. 1-1) is dismissed without prejudice, the IFP application is denied (Dkt. 1), and this case is closed.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

Dated this 4th day of December, 2024.

Kymberly K. Evanson
United States District Judge

RECEIVED
JAN 16 1992
JOHN L. WEINBERG
U.S. MAGISTRATE JUDGE

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 19 1991

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

✓ FILED ___ ENTERED
___ LODGED ___ RECEIVED

JAN 16 1992

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MS91-269

IN RE JOHN ROBERT DEMOS           )
                                  )  ORDER DENYING LEAVE TO FILE
                                  )  IN FORMA PAUPERIS AND ENJOINING
                                  )  FUTURE FILINGS
                                  )

The Court, having reviewed the three civil rights complaints submitted by John Robert Demos for filing, the history of Demos' litigation in this court and in the Eastern District of Washington, the state courts of Washington, the Ninth Circuit Court of Appeals, and the United States Supreme Court, and the Report and Recommendation of Judge John L. Weinberg, United States Magistrate Judge, does hereby find and order:

(1) The Court adopts the Report and Recommendation;

(2) Leave to file the three civil rights actions submitted on November 20, 1991, December 4, 1991, and December 11, 1991, in forma pauperis is DENIED;

ORDER
PAGE -1-

AO 72
(Rev.8/82)

(3) The Court finds that John Robert Demos' filings have been frivolous and an abuse of the judicial system;

(4) John Robert Demos is therefore ENJOINED from filing any future actions, whether at public expense or *in forma pauperis*, except in accordance with the following criteria:

    (a) Demos is hereby limited to three *in forma pauperis* applications per calendar year. The United States District Court for the Western District of Washington will not consider more than three such applications in any calendar year. Any fourth or successive application by Demos to proceed *in forma pauperis* will not be filed, acknowledged, or returned.

    (b) In order to be granted leave to proceed *in forma pauperis* on any occasion, the submitted documents must comply with both the Ninth Circuit Order in *Demos v. U.S. Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991), and this Court's December 15, 1987 Order Denying Leave to Proceed *In Forma Pauperis* and Requiring Plaintiff/Petitioner to Show Cause.

    (c) In order to file any claim not otherwise allowed, Demos must submit the appropriate filing fee.

    (d) Complaints submitted, whether accompanied by the filing fee or the *in forma pauperis* application,

ORDER
PAGE -2-

will not be accepted for filing unless the complaint is accompanied by an affidavit that the claims presented have not been presented in any other action in any court and that Demos can and will produce evidence to support his claims.

(5) The Clerk is directed to forward any future complaints or petitions submitted to the United States District Court for the Western District of Washington by Demos to the appropriate Magistrate Judge for a recommendation regarding compliance with terms of this Order;

(6) The Clerk is directed to send copies of this Order to John Robert Demos and to Judge Weinberg.

DATED this 16 day of January, 1992.

Carolyn R. Dimmick
United States District Judge

ORDER
PAGE -3-

AO 72
(Rev.6/82)